IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **01-986-WDS** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.**, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

Plaintiff David Williams is in the custody of the Illinois Department of Corrections and housed during all relevant times at Menard Correctional Center. Plaintiff brings suit pursuant to 42 U.S.C. § 1983 for the vindication of his constitutional rights**. (Doc. 1).** Defendants Dennis Hasemeyer, Brent Hoffman, John Inman, Jayd Jokisch, John Liefer and James Massey, all of whom are correctional officers of varying rank, are before the Court seeking summary judgment on Counts 1 and 3. **(Doc. 41).** Plaintiff generally counters that questions of fact preclude summary judgment. **(Doc. 45).** This report and recommendation is respectfully submitted pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

## Legal Standard for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett*, 477 **U.S. 317, 322 (1986).** The purpose of Rule 56 is to enable a party who believes

there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." **Lujan v. National Wildlife Federation, 497 U.S. 871, 888-889 (1990) (internal citations omitted).** Of course, the evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).**

Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. **Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." **Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" **(Anderson, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, (Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))**."

### Count 1

Count 1 alleges that on October 27, 2000, while in the process of being moved from a segregation cell to another unit, plaintiff informed defendants Liefer, Massey, Hoffman and Jokisch that he was experiencing heart attack symptoms, but they ignored his pleas for medical assistance, despite being shown plaintiff's I.D. card, which indicates he is being treated for

2

hypertension and/or cardiac issues.  **(Doc. 1).**  Plaintiff elaborated during his deposition that defendant Hoffman told him that he would have to wait until he arrived at this new cell house to receive treatment, and that Hoffman also commented that he was "busy."  **(Doc. 41, Exhibit A, Deposition of Williams, p. 50).**  According to plaintiff, after he indicated he was suffering from heart attack symptoms, Hoffman also directed plaintiff to help push a cart stacked with four inmates' property over to the new cell house.  **(Doc. 41, Exhibit A, Deposition of Williams, p. 50).**  Medical records indicate plaintiff did suffer some sort of cardiac event, and he was hospitalized for five days.  **(*See* Doc. 41, Exhibit B, pp.16-25 and 28-31).**  The district court has construed Count 1 as alleging an Eighth Amendment claim for failure to provide medical treatment.  **(Doc. 4, pp. 1-4).**

Defendants Liefer, Massey, Hoffman and Jokisch argue they are entitled to summary judgment because they were not deliberately indifferent to plaintiff's serious medical needs. Defendants assert that plaintiff did receive medical treatment; a difference of opinion regarding the type or extent of care is an insufficient basis for liability; negligence is insufficient for liability to attach; and since none of the defendants are medical professionals, they must rely on medical professionals to determine the necessity of treatment.

Generally, the Eighth Amendment obligates prison officials to "provide humane conditions of confinement; . . . [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates.'" ***Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble*, 429 U.S. 97 (1976).** The Eighth Amendment is violated when an official exhibits "deliberate indifference"--when an official "knows of and disregards an excessive risk to inmate health or safety[;] the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." **Farmer, 511 U.S. at 837.** This standard is subjective, and is the equivalent of recklessness in the criminal law sense. **Id.** The ultimate determination regarding the seriousness of an injury is best left to a healthcare professional, *or* the seriousness of the injury must be so obvious that even a lay person would easily recognize the necessity for a healthcare professional's attention. **Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991)***; see also Langston v. Peters***, 100 F.3d 1235, 1240 (7th Cir. 1996).**

Liability will not attach where the injury appeared slight, but later turned out to be serious; however, where an injury appeared serious and later turned out to be slight, liability will attach--anything else would be gambling with another's health or life. **Davis, 936 F.2d at 972.** Of particular relevance to this case, delay in providing medical care may be sufficient for liability. **Kelley v. McGinnis, 899 F.2d 612 (7th Cir. 1990).** However, to prove such a claim the plaintiff must produce medical evidence "'to establish the detrimental effect of delay in medical treatment.'" **Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996) (quoting *Byerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir.1995)).** In any event, mere negligence will not create liability, nor will the provision of medical treatment other than that preferred by the inmate. **Estelle, 429 U.S. at 107.**

The fact that plaintiff was treated is a "red herring." Plaintiff has laid out a prima facie case and sufficient evidence at this juncture to proceed to trial. The potential seriousness of the "heart attack" plaintiff was complaining about is sufficiently obvious, particularly since plaintiff's I.D. card makes clear that he has hypertension and/or cardiac issues. As noted above, delay in treatment is actionable under the Eighth Amendment, although it remains to be seen

4

whether the 50 minute delay in treatment[1] has a detrimental effect. It is for the trier of fact to decide whether the defendants– defendant Hoffman in particular– were gambling with plaintiff's life, and whether they were acting with deliberate indifference. Therefore, the defendants' motion for summary judgment should be denied relative to Count 1.

### Count 3

Count 3 alleges that defendants Liefer, Inman and Hasemeyer deliberately celled plaintiff with inmate Vanzallas (a.k.a. "Gonzalas" and "Love"), despite Vanzallas's declaration that he "would kill plaintiff if he was moved into the cell," resulting in plaintiff being subsequently assaulted by Vanzallas.[2] (*See* **Doc. 1, pp. 5-6 and Doc. 4, pp. 5-6**). The defendants now move for summary judgment based on plaintiff's deposition testimony that he and Vanzallas spontaneously fought over a television, not anything that the defendants were aware of before celling plaintiff with Vanzallas.[3]

In situations such as the one at bar, involving a threat of inmate-on-inmate violence, a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment's prohibition against "cruel and unusual punishment. ***Farmer v.***

---

[1](*See* **Doc. 41, Exhibit B, pp. 2-3 (symptoms began 7:30 a.m.; treatment commenced 8:20 a.m.).**

[2]Plaintiff clearly alleges the defendants acted in retaliation for plaintiff filing grievances, in violation of the First Amendment, but no such claim was formally noted in the Court's threshold order, presumably because no chronology of events was alleged. (*See* **Doc. 4**). In any event, construing Count 3 as also including a retaliation claim would not change this Court's ultimate conclusion that the defendants are not entitled to summary judgment on Count 3 at this juncture.

[3]Insofar as defendants present arguments relative to whether plaintiff received medical treatment after he and Vanzallas fought, defendants appear to have forgotten that the medical claim in Count 3 was dismissed. (*See* **Doc. 4, pp. 5 and 6**).

5

*Brennan*, 511 U.S. 825, 833 (1994); *see also Little v. Walker*, 552 F.2d 193 (7th Cir. 1977).

Under the "deliberate indifference" standard, a prison official may be held liable under the Eighth Amendment only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 847. A plaintiff must satisfy both the objective (substantial risk of serious harm) and the subjective (knowing disregard) components of the test. *Farmer*, 511 U.S. at 834. This standard is the equivalent of recklessness in the criminal law sense. *Id.* at 837.

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . .Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.*, 511 U.S. at 842 (internal citations omitted).

Defendants Liefer, Inman and Hasemeyer's affidavits assert that they were never made aware of any information that would have led them to believe celling plaintiff and Vanzallas (Love) together posed an immediate, substantial risk to either inmate. **(Doc. 41, Exhibits C, D and F).**

Plaintiff has now testified that he and inmate Gonzalez (Vanzallas) were not "friends," but they were "cool." **(Doc. 41, Exhibit A, Deposition of Williams, p. 62).** Plaintiff elaborated:

6

> We weren't enemies or nothing. He just didn't want me in there. He didn't like me. Like I said, a lot of people don't like gay people in their cell. I don't know if it is because of this gang thing or – if you're a gang member and you have a sissy in your cell, it makes you look bad. You're going to be in violation or whatever. I don't know. So I'm caught between a rock and a hard place in that situation.

**(Doc. 41, Exhibit A, Deposition of Williams, p. 62).**

The fight between plaintiff and his cellmate occurred three days after they were placed together. **(Doc. 41, Exhibit A, Deposition of Williams, p. 63).** By plaintiff's own account, the fight was over plaintiff's television; more specifically, whether they would watch sports or news. **(Doc. 41, Exhibit A, Deposition of Williams, pp. 63-67).** As plaintiff puts it: "I was like [a] dog, if I can't watch what the [f—] I want to watch in my cell, you have to get the [f—] out." **(Doc. 41, Exhibit A, Deposition of Williams, p. 64).** A fight ensued wherein plaintiff was bit on the face and hit. **(Doc. 41, Exhibit A, Deposition of Williams, p. 67).**

In his response to the motion for summary judgment, plaintiff asserts via affidavit that Vanzallas (Love) had threatened to rape and kill plaintiff, and plaintiff attempts to characterize the attack as "gay bashing." **(*See* Doc. 45-3, pp. 2-3).** Plaintiff asserts that Vanzallas's taking control of plaintiff's televison set was a method of intimidation. **(*See* Doc. 45-3, pp. 2-3).** Plaintiff also tangentially attacks the decision to remove him from segregation, which is not at issue in this case. **(*See* Doc. 45-1, pp. 6-7).**

The Court is now presented with three very different versions of events from plaintiff, and a fourth version from the defendants. Although the fact that plaintiff cannot stick to a single scenario does not bode well for his case, credibility determinations fall beyond the parameters of Rule 56. Therefore, the defendants cannot be granted summary judgment at this juncture.

### Qualified Immunity

The defendants assert that not granting them summary judgment on Counts 1 and 3 would create new legal precedents and, therefore, they are entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. ***Anderson v. Creighton*, 483 U.S. 635, 640 (1987).**

Although this Court shares the defendants' view of the applicable legal standards and precedents, at this time the remaining material questions of fact preclude a conclusion regarding the applicability of qualified immunity.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants Dennis Hasemeyer, Brent Hoffman, John Inman, Jayd Jokisch, John Liefer and James Massey's motion for summary judgment **(Doc. 41)** be denied in all respects.

**Submitted: August 17, 2005**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**

### Notice

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties have until **September 5, 2005**, to file their objections to this report and recommendation.