**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DAVID WILLIAMS,                              )
                                             )
      **Plaintiff,**                       )
                                             )
  v.                                         )      **Cause No. 01-CV-986-WDS**
                                             )
ILLINOIS DEPARTMENT OF                       )
CORRECTIONS, et al.,                         )
                                             )
      **Defendants.**                      )

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for reconsideration of that portion of the Court's August 2, 2005 Order adopting the magistrate judge's recommendation to dismiss without prejudice from Count 2 all claims related to the alleged deprivation of medication prior to October 27, 2000 due to plaintiff's failure to exhaust administrative remedies.

Plaintiff first claims that the Court refused to dismiss that claim in a prior order dated August 25, 2004.  The Court did not dismiss the claim at that time because it found that there existed a possibility that plaintiff did pursue his grievance through to the Administrative Review Board.  However, plaintiff has failed to submit evidence in response to defendant's motion for summary judgment sufficient to demonstrate that he did exhaust his administrative remedies with respect to the claim at issue.

With respect to the recommendation that plaintiff's claim relating to the alleged deprivation of medication prior to October, 27, 2000 be dismissed, the magistrate judge relied upon a letter to plaintiff dated April 30, 2001 (which plaintiff has again submitted in support of his motion for reconsideration), written in response to a grievance received on March 21, 2001; the latter indicates that it pertains to "Medication Distribution and (Injury/incident 11/13/00)" no

time period or other specifics are noted. The Administrative Review Board denied that grievance, meaning plaintiff has exhausted administrative remedies relative to that particular incident.  The affidavit of Terri L. Anderson, the Administrative Review Board chairperson, states that a records search has indicated that no grievances regarding the denial of medication for the time period on or *prior* to October 27, 2000, were submitted to the Board by plaintiff. (Doc. 40, Ex. 2).  As the magistrate judge noted, by implication, the Court can conclude that the March 21, 2001, grievance did not pertain to the deprivation of medication *prior* to October 27, 2000. Consequently, there is no evidence that plaintiff exhausted his administrative remedies relative to  the denial of medication prior to October 27, 2000.

Accordingly, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 7, 2005**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**

2