## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Cause No. 01-CV-986-WDS** |
| | ) | |
| **JOHN LIEFER et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' renewed motion for judgment as a matter of law, or in the alternative for a new trial (Doc. 117), to which plaintiff has responded (Doc. 122), and plaintiff's motion for attorney's fees, expenses and costs (Doc. 119), to which defendants have responded (Doc. 123).

### BACKGROUND

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed suit against several defendants under the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. On Count 1, the jury returned a verdict in favor of plaintiff and against certain defendants, awarding plaintiff $4,500.00. The jury found in favor of all defendants on Count 3. All other Counts had been previously disposed of by the Court.

### ANALYSIS

**1.  Defendants' Motion (Doc. 117).**

During the trial, at the close of all the evidence, defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). The Court denied that motion. Defendants Hoffman, Leifer and Massey now renew their motion for judgment as a matter of law. The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment

motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Looking at "all of the evidence in the record," *id.*, the relevant question is whether "any reasonable jury could have reached the same conclusion." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002).

The only argument contained in this motion that has not been previously rejected by the Court is defendants' claim that they are entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Court previously held, when considering defendants' pre-trial motions, that remaining material questions of fact precluded a ruling regarding qualified immunity. (Docs. 64, 69). However, at trial all defendants were asked by plaintiff's counsel and testified that based on their training and experience when an inmate complains of chest pain and numbness in the arm immediate medical attention is required.

The Court **FINDS** that there was sufficient evidence produced at trial that a reasonable jury could have concluded that plaintiff complained of chest pain and numbness in the arm, and that defendants deliberately ignored his complaints. Further, the law is clear that deliberate indifference to a serious medical condition is a violation of a clearly established constitutional right. *See, e.g., Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir.2002). In addition, because a reasonable officer in defendants' position should or would have understood he was violating Williams's constitutional rights to adequate medical treatment by denying him immediate medical attention which, in all probability, could severely impact Williams's health. Thus, defendants are not entitled to qualified immunity.

Accordingly, the Court **FINDS** that there was sufficient evidence in the record to provide a reasonable basis for the jury's verdict, and that defendants have proffered no new law or argument

that persuades the Court to turn from its prior rulings. Therefore, defendants renewed motion for judgment as a matter of law, is **DENIED**.

In the alternative, defendants move for a new trial pursuant to Fed. R. Civ. P. 59. "Under Rule 59(a), the district court must determine whether the verdict is against the weight of the evidence, the damages are excessive or insufficient, or if for other reasons the trial was not fair to the moving party." *Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996) (*internal citations omitted*). Defendants argue that the jury's verdict was against the weight of the evidence and improper jury instructions were given. (Doc. 117). As stated above, the Court **FINDS** that there was sufficient evidence in the record to provide a reasonable basis for the jury's verdict.

Defendants challenge two jury instructions: plaintiff's 13,[1] and plaintiff's 15. As given by the Court, plaintiff's 13 stated as follows:

> When I use the term "deliberate indifference," I mean that a defendant or defendants actually knew of a substantial risk of serious harm to the plaintiff and that a defendant or defendants consciously disregarded the risk by failing to take reasonable measures to deal with it.

> Deliberate indifference to a serious and imminent threat to an inmate's health or safety may constitute punishment prohibited by the Eighth Amendment to the Constitution of the United States.

> To be held liable under this standard, a defendant must know that he is creating a substantial risk of bodily harm. Negligence, even gross negligence, does not constitute deliberate indifference and does not rise to the level of a Constitutional violation.

> If you find that a defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent. You may not conclude that a defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

Defendant objects to this instruction, claiming that it does not require the jury to find that defendants had actual knowledge of a substantial risk of serious harm, as required by *Farmer v.*

---

[1] In their brief, defendants refer to this instruction as "plaintiff's instruction number 14A." However, it is clear from reading defendants' arguments that they are actually referring to plaintiff's 13.

*Brennan*, 511 U.S. 825 (1994), and that the instruction incorrectly equates deliberate indifference to the failure to take reasonable protective measures. (Doc. 117, p. 10). These are the same objections that defendants raised during the jury instruction conference. As stated when the Court previously overruled these objections, plaintiff's 13, as modified, is taken directly from the Seventh Circuit Pattern Instruction No. 7.14 (with comment C), *Farmer v. Brennan*, 511 U.S. 825 (1994), and *Zames v. Rhodes*, 54 F.3d 285 (7th Cir. 1995). Accordingly, the Court **FINDS** that the giving of this instruction was proper.

Plaintiff's 15 stated as follows:

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of the failure to provide medical care or the failure to protect him from another inmate. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

Defendants object to the giving of this instruction, claiming it does not require plaintiff to prove a physical injury before the jury can consider mental/emotional pain, in violation of 42 U.S.C. § 1997e(e). (Doc. 117, p. 11). Again, this is the same objection that was raised by defendants at the jury instruction conference. The purpose of 42 U.S.C. § 1997e(e) is to bar suits in the entirety if the only form of injury claimed in a prisoner's suit is mental or emotional.

*Robinson v. Page*, 170 F.3d 747, 748 (7ᵗʰ Cir. 1999).  Here, plaintiff alleged both physical and mental/emotional injuries, therefore section 1997e(e) "has no application" to his claim. *Id.* The Court, accordingly, **FINDS** that the giving of plaintiff's 15 was proper.

Overturning a jury verdict is not something the Court may do lightly. *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 925 (7ᵗʰ Cir. 2000). Here, based upon the evidence adduced at trial, the Court finds that there is a reasonable basis in the record for the jury's verdict, the defendants were not unduly prejudiced by any Court ruling, and proper jury instructions were given. Accordingly, plaintiff's motion for new trial is **DENIED** on all grounds.

**2.  Plaintiff's Motion for Attorney's Fees, Expenses & Costs (Doc. 119).**

Plaintiff's motion seeks $6,750.00 in attorney fees (Doc. 119), $366.35 in costs reflected on his Bill of Costs (Doc. 118-1), and $1,647.13 in additional costs, not reflected on the Bill of Costs (Doc. 120-1). Plaintiff asserts he is entitled to the recovery of said fees pursuant to 42 U.S.C. §§ 1983(b) and 1988, and said costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. (Doc. 120-1).

After careful consideration, the Court awards $6,750.00 in attorney's fees and $366.35 in costs to plaintiff's attorney. The Court further applies $1,125.00 of the plaintiff's judgment toward the fee award.

    **A.**    **Plaintiff's Attorney's Fees**

Federal law allows the Court discretion to award reasonable attorney's fees as part of the costs pursuant to § 1988. Determination of an attorney's fee award is a two-pronged inquiry. First, plaintiff must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109-11 (1992). Second, the award of fees must be reasonable. *See id.* at 114. The Prison Litigation Reform Act of 1995 ("PLRA") establishes statutory limits to the amount of fees recoverable. The hourly rate is capped at 150 percent of the rate for court-appointed counsel under the Criminal Justice Act ("CJA"), 18

U.S.C. § 3006A, and defendant may not be liable for an award of attorney's fees in excess of 150 percent of the judgment. § 1997e(d)(2). The Seventh Circuit has found these caps to be constitutional. *Johnson v. Daley*, 339 F.3d 582 (7th Cir. 2003). Additionally, part of the judgment awarded, up to twenty-five percent, shall be applied to satisfy the amount of attorneys' fees awarded against the defendant. *Id.* at 584.[2]

On July 5, 2006, judgment was entered in favor of plaintiff in this action. (Doc. 116). As the prevailing party, plaintiff is therefore entitled to reasonable attorney's fees as limited by the PLRA. The applicable hourly rate for determining attorney's fees in this matter shall be $135.00 per hour from the date of plaintiff's counsel's appointment in November 2005 through December 31, 2005. This is found by multiplying the rate under the CJA ($90.00 per hour) by 150 percent. The hourly rate for January 1, 2006 to date shall be $138.00 per hour, as the CJA rate was increased to $92.00 per hour effective January 1, 2006. According to his motion and memoranda in support thereof, plaintiff's attorney's fees in this matter exceeded $12,000. However, pursuant to the PLRA, plaintiff seeks an award $6,750.00 in attorney fees, as that equates to 150 percent of the jury verdict. (Doc. 119). That amount equals approximately 49 hours of one attorney's time. The Court **FINDS** an award of $6,750.00 to be proportionately related to the jury award of $4,500.00 and that 49 hours of attorney time were reasonably spent in preparation and trial of this matter.[3] In its discretion, the Court further **FINDS** that a twenty-five percent set off from the plaintiff's judgment is reasonable in this case. Accordingly, plaintiff is hereby **AWARDED**

---

[2]The PLRA does not require that twenty-five percent of the judgment be applied to the fee award, but merely requires that some part of the jury award be used to satisfy a fee award, with twenty-five percent as the maximum set-off amount. § 1997e(d)(2). For extensive discussion on this issue, *see Farella v. Hockaday*, 304 F. Supp.2d 1076, 1081–82 (C.D. Ill. 2004).

[3]The cap makes a *Lodestar* analysis unnecessary, since 49 hours of attorney time is easily justified for litigation of this matter. Likewise, the Court need not address the paralegal's time spent on this case, as the cap is satisfied by attorney time and additional fees may not be recovered.

$6,750 in attorney's fees, $1,125 of which is to be satisfied from the monies awarded in the plaintiff's judgment.

### B.   Plaintiff's Costs

Plaintiff seeks an award of $2,013.48 in costs—$366.35 from the Bill of Costs, and $1,647.13 in "case expenses" not included in the Bill of Costs. (Doc. 120-1). The amounts sought as "case expenses" include travel, lodging and Lexis research. (Doc. 120-3).

Under Rule 54(d) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The costs recoverable under Rule 54(d) are listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). These are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Deposition costs and transcripts are included as costs under 28 U.S.C. § 1920(2). *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997).

Plaintiff's Bill of Costs shows $40.00 in fees for service of summons and subpoena, $307.35 in fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, and $19.00 in fees for exemplification and copies of papers necessarily obtained for use in the case. All of these fees are properly recoverable by plaintiff. The Court therefore **GRANTS** plaintiff's requests presented on his Bill of Costs, and **AWARDS** plaintiff's attorney $366.35 in costs.

7

As to plaintiff's request for "case expenses" not included in the Bill of Costs, the Court **FINDS** that the items requested are more properly considered attorney's fees, rather than costs. *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *Montgomery v. Aetna Plywood*, 231 F.3d 399 (7th Cir. 2000). Plaintiff himself argues that these costs should be recoverable "as part of the reasonable attorney's fees awarded to the prevailing plaintiff[.]" (Doc. 120-1). The Court therefore **FINDS** that the "case expenses" sought by the plaintiff are properly considered as attorney's fees, and therefore fall under the PLRA cap described above. As that cap has already been satisfied, the Court **DENIES** plaintiff's request for $1,647.13 in "case expenses."

## CONCLUSION

Accordingly, defendants' renewed motion for judgment as a matter of law, or in the alternative, motion for a new trial (Doc. 117), is **DENIED**. Plaintiff's motion for attorney's fees, expenses and costs (Doc. 119) is **GRANTED** in part and **DENIED** in part. Plaintiff's attorney is awarded $6,750.00 in attorney's fees and $366.35 in costs. This Court further applies $1,125 of the plaintiff's $4,500 judgment to satisfy the attorneys' fee award, effectively reducing defendant's liability for attorneys' fees to $5,625. Defendants have already been taxed $366.35 in costs. (Doc. 124).  The defendants shall pay the remaining fees ($5,625) to plaintiff's counsel within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: August 18, 2006.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**